IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARBY TAVENNER, )
        Plaintiff )    C.A. No. 07-302 Erie
)
    v. )    District Judge McLaughlin
)    Magistrate Judge Baxter
DETECTIVE ANDREW A. SHAFFER, )
et al., )
        Defendants )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that this case be transferred to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b) and 1404(a).

**II. REPORT**

    **A.    Relevant Procedural and Factual History**

On October 29, 2007, Plaintiff, an inmate incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania, commenced this action pursuant to 42 U.S.C. § 1983 against the following named Defendants: Detective Andrew A. Shaffer of the York County Police Department ("Shaffer"); County of York ("York"); Office of the District Attorney - York ("York D.A."); York County District Attorney H. Stanley Rebert ("Rebert"); York County Assistant District Attorney Thomas J. Reilly ("Reilly"); and York County Magistrate Walter R. Groom ("Groom"). Plaintiff alleges that the following events occurred on August 16, 2006 in York County, Pennsylvania, which are set forth verbatim from the Complaint:

> Andrew A. Shaffer Det. - officer's request for a search warrant was outside range of professional competence expected of a police officer. Walter R. Groom - Magistrate never made judicial determination, albeit a nontechnical, common sense judgment, as to whether probable cause existed. The District Attorney and Assistant District Attorney, H.

1

> Stanley Rebert and ADA Thomas J. Reilly, for not approving the warrant like the law requires and violating my right to due process by proceeding to prosecute the charges with illegally obtained evidence with a [sic] incomplete search warrant. The County of York and the Office of the District Attorney.

(Document # 3, Complaint, at Section IV.C).

Defendant Shaffer and Defendants York, York D.A., Rebert, and Reilly, have filed motions to transfer case and/or change venue to the United States District Court for the Middle District of Pennsylvania [Document ## 18 (in part) and 29 (in part)], asserting that venue is not proper in the Western District of Pennsylvania because the events in question occurred, and all Defendants reside, in the Middle District. Despite being given ample time do so, Plaintiff has failed to file a response to either of these motions.

### B.  Discussion

28 U.S.C. § 1391(b) provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Here, the Complaint makes clear that all of the events occurred in York County, Pennsylvania, which is located in the Middle District of Pennsylvania. In addition, all of the Defendants reside in the Middle District of Pennsylvania. Thus, venue of this action is improper in this district, and this case should be transferred to the Middle District pursuant to 28 U.S.C. § 1404(a), which provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be transferred to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b) and 1404(a).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.  See, e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated:  May 14, 2008

cc:  The Honorable Sean J. McLaughlin
  United States District Judge